LAW OFFICE OF
PETER A. ROMERO

promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

January 31, 2019

**VIA ECF**
Hon. Anne Y. Shields
United State Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Deborah Lopez, et al. v. Patchogue Wings Corp., et al.*
             Docket No.: 18-cv-00488 (AYS)

Dear Judge Shields:

      This firm represents the Plaintiffs, Deborah Lopez and Agustina Chiang (collectively as "Plaintiffs") in the above-referenced matter, who brought claims against their former employers, Defendants Patchogue Wings Corp., 388 PatchogueWings LLC d/b/a Hurricane Grill and Wings, and Robert Engel, Jr. Plaintiffs bring claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and various violations of the New York Labor Law ("NYLL"). D.E. 1. Plaintiffs now submit this motion, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiffs' FLSA claims.[1] A copy of the parties' settlement agreement is attached hereto as Exhibit A.

**Procedural History**

      On January 23, 2018, Plaintiffs filed their Complaint. D.E. 1. Thereafter, the parties exchanged documents relating to the hours worked and compensation paid to the Plaintiffs. From those documents and their anticipated testimony, Plaintiffs were able to create a detailed calculation of their damages and assess the merits of their claims and Defendants' defenses. On December 3, 2018, the parties participated in a mediation conducted by EDNY panel mediator Raymond Nardo, Esq., who assisted the parties to successfully resolve this matter in principle, despite contentious, arm's-length negotiations. The settlement agreement provides for payment of a sum of $25,000 inclusive of attorneys' fees and costs. Pursuant to the settlement, Lopez will receive $7,409.55, Chiang will receive $8,560.45, and Plaintiffs' counsel will receive a total sum of $9,030.00, consisting of $7,985.00 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $1,045.00 for costs.[2]

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiffs' non-FLSA claims as there is no requirement for the Court to do so.

[2] Plaintiffs are each receiving their proportional share of the settlement based on their total potential damages under both the FLSA and NYLL.

LAW OFFICE OF PETER A. ROMERO PLLC · LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788 · (631) 257-5588 · overtimelawny.com

**The Court Should Approve the Settlement Agreement as Fair and Reasonable**

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiffs contend that they worked as non-exempt servers and, at other times, worked as non-exempt, hourly paid managers. Plaintiffs claim they were not paid overtime compensation at time and one-half their regular rates of pay for each hour worked in excess of 40 per week under the FLSA. Plaintiffs allege that they were instead paid at their regular hourly rate of pay for all hours worked, including those hours worked after 40 hours per week. The hours worked by the Plaintiffs varied week by week. Lopez claims that she typically worked between 40 and 57 hours per week and Chiang claims she typically worked between 43 and 67.5 hours per week during their employment. Accordingly, the Plaintiffs' FLSA damages are limited to the half-time rate owed for those hours worked after 40 hours per week and liquidated damages.

Critically, the parties have several key disputes that impact liability and the amount of damages in this lawsuit. The Defendants dispute the number of hours worked by Plaintiffs per week. Additionally, Defendants dispute the number of hours that Plaintiffs worked in each position as servers and non-exempt managers, which determines the amount of pay owed as Plaintiffs were paid different rates of pay for hours worked in each position. Defendants produced compensation and time records for Plaintiffs' employment. Defendants contend that these records demonstrate that Plaintiffs are mistaken in their recollection of the number of hours they worked each week. Plaintiffs however contend that these records are inaccurate. However, the existence of these records creates challenges for the Plaintiffs to overcome at trial with respect to their hours worked. Defendants also contend that Plaintiffs were properly paid for all hours worked. Lastly, Defendants assert that even if Plaintiffs established liability, Plaintiffs are not entitled to liquidated damages because Defendants assert they could prove that they made a good faith effort to comply with the FLSA. Thus, the parties' respective positions evince substantial risks for all parties at trial which could impact the amount of Plaintiffs' recovery and could result in a loss at trial by any party.

Plaintiffs have calculated their precise damages, based on the discovery in this matter and their anticipated testimony were this matter to proceed, in order to assess their best possible recovery in this litigation. Making all reasonable assumptions in her favor, Lopez's best potential recovery under the FLSA at trial amounts to $2,874.87 for unpaid FLSA wages and $2,874.87 for FLSA liquidated damages. Making all reasonable assumptions in her favor, Chiang's best potential recovery under the FLSA at trial amounts to $4,418.91 for unpaid FLSA wages and $4,418.91 for FLSA liquidated damages.

Settling at this stage allows the parties to avoid substantial costs and delays. Were a settlement not reached at this stage, the parties would have engaged in additional written discovery and document discovery, and depositions of Plaintiffs, Defendants, and several non-party witnesses. This settlement also avoids potential partial summary judgment motion practice by either party and trial, which would result in a months' or years' long delay to obtaining a recovery for the Plaintiffs even if they are successful at trial, and could potentially require litigating future appeals. Moreover, all parties face the risk of losing at trial, either in whole or in part. Indeed, if Plaintiffs were to succeed on liability but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiffs would not be entitled to liquidated damages under the FLSA, reducing Plaintiffs' available FLSA damages by half to $2,874.87 for Lopez and $4,418.91 for Chiang. Thus, by settling at this stage, Plaintiffs ensure they will receive a recovery in this matter. Further, Plaintiffs' award under the settlement permits them to recover all of their unpaid FLSA wages. Moreover, under the terms of settlement, Lopez will recover all of her claimed FLSA liquidated damages and Chiang will recover the vast majority of her claimed FLSA liquidated damages.

Accordingly, although there is a possibility that Plaintiffs could recover higher damages if the case proceeded to trial, there is also the possibility that they could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiffs will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Additionally, the settlement here was reached only after the parties engaged in relevant document discovery pertaining to Plaintiffs, providing them with a clear assessment of their available damages, contentious settlement discussions, and mediation with the assistance of an experienced mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator...reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159–160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms'-length settlement). There was thus no fraud or collusion here. Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it.  For instance, the release in the Settlement Agreement is limited to the wage-related claims that Plaintiffs asserted in this action.  The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements).  Here, the release is narrowly tailored to release only claims relevant to the instant action and those relevant to the parties' settlement negotiations.  Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

**The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336).  When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336).

In this case, the portion of the settlement amount attributable to attorneys' fees is $7,985.00, or 1/3 or the net settlement amount after deducting for litigation costs.  Plaintiffs' counsel's request that the Court approve fees of 1/3 of the settlement is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases).  Courts in this Circuit routinely approve attorney's fees awards in the amount of one-third of the total settlement. See McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at

*3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs).  Thus, a one-third recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Here, Plaintiffs' counsel researched and investigated the Plaintiffs' claims, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, non-exempt status, their work hours and compensation received, commenced this action, exchanged relevant document discovery, filed a motion to compel, attended a mediation, and negotiated a settlement.  Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation.  Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf.  The settlement will be made available to the Plaintiffs without the uncertainty and delay of trial.

Plaintiffs' counsel seeks reimbursement for $1,045.00 in advanced litigation costs.  The following is a description of the costs incurred in this lawsuit:

| Date | Description of Expense | Amount |
|---|---|---|
| 1/23/2018 | Filing Fee for Complaint, D.E. 1 | $400.00 |
| 3/22/2018 | Service of Process on Defendants | $345.00 |
| 12/3/2018 | Mediator's Fees (Plaintiffs' Portion) | $300.00 |
|  |  | Total: $1,045.00 |

A copy of an invoice for service of process on Defendants in this matter is annexed as Exhibit B.

Accordingly, Plaintiffs' counsel's requests for attorneys' fees in the amount of $7,985.00 and expenses in the amount of $1,045.00 should be approved as reasonable.

In light of the foregoing, the parties respectfully request that the Court approve their settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.  The parties also submit a Proposed Stipulation of Dismissal with Prejudice that is attached to their settlement agreement.

Respectfully submitted,

  /S/ David D. Barnhorn
DAVID D. BARNHORN, ESQ.

C:    All Counsel of Record via ECF